**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| DAVID ANDREW KNOWLES, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-2540-SHL-atc |
| | ) | |
| LORI YOUNG SWAFFER, | ) | |
| Defendants. | ) | |

## SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was held on April 24, 2026.  Present were Craig V. Morton, II, counsel for Plaintiff, and Cameron M. Watson, counsel for Defendant.

At the conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):**  May 8, 2026

**MOTIONS TO JOIN PARTIES:**  June 23, 2026

**MOTIONS TO AMEND PLEADINGS:**  June 23, 2026

**MOTIONS TO DISMISS:**  July 23, 2026

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)**    **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):**  June 23, 2026
        Mediator must file Mediation Certification Form: www.tnwd.uscourts.gov/local-forms

    **(b)**    **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

        **MEDIATOR'S NAME:**  Floyd Flippin

**COMPLETING ALL DISCOVERY:**  October 21, 2026

    **(a)**    **WRITTEN DISCOVERY**[1]**:**  September 21, 2026

---

[1] The parties shall serve requests at least forty-five days before the deadline to complete written discovery to allow sufficient time for responses by the deadline for completion of discovery.

    **(b)**    **DEPOSITIONS:**  October 21, 2026

    **(c)**    **EXPERT WITNESS DISCLOSURES (Rule 26):**

        **(1)**    **DISCLOSURE OF RULE 26 EXPERT INFORMATION FOR PARTY BEARING BURDEN:**  August 21, 2026

        **(2)**    **DISCLOSURE OF REBUTTAL RULE 26 EXPERT INFORMATION:**  September 21, 2026

        **(3)**    **EXPERT WITNESS DEPOSITIONS:**  October 21, 2026

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS:**  November 20, 2026

**SUPPLEMENTATION UNDER RULE 26(e)(1)**:  October 21, 2026

**FILING DISPOSITIVE MOTIONS:**  November 20, 2026

**JOINT PROPOSED PRETRIAL ORDER DUE:**  March 5, 2027
(E-Mail Joint Proposed Pretrial Order in Word or WordPerfect format to:
ECF_Judge_Lipman@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE DATE:**  March 12, 2027 at 10:30 a.m.
(All counsel participating in the trial must be present in person at the pretrial conference.)

**JURY TRIAL:**  March 22, 2027 at 9:30 a.m.  Trial is anticipated to last approximately three to four days.

The parties do not consent to trial before the magistrate judge.

**OTHER RELEVANT MATTERS:**

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

Pursuant to Local Rule 16.3(d), within seven days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.  The

Mediator must file a Mediation Certification form, as noted above.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within seven days of service of the response, setting forth the reasons why a reply is required.

**Pursuant to Federal Rule of Civil Procedure 16(b)(4), the scheduling order may <u>only</u> be modified for good cause and with this Court's consent. Good cause requires the moving party to show that it could not meet the scheduling order's deadline despite that party's diligence. Potential prejudice to the nonmoving party is also evaluated when considering a motion to extend deadlines.**

*This order has been entered after consultation with the parties.*

**IT IS SO ORDERED,** this 24th day of April, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3